The next case to be argued is United States v. Garelick. Mr. Klein, you have reserved two minutes for rebuttal. I have. That gives you eight to begin. Thank you. Good morning. May it please the Court. My name is John Klein, and I represent the appellant, Bruce Garelick. I'd like to start by talking about Defense Exhibit 37. This was an e-mail that Mr. Garelick wrote to the compliance officer at his company. He wrote it October 19, 2021. And in it, he told the compliance officer that he had traded in DWAC stock up to September 23, 2021, that he had come into possession of material non-public information in mid-October, and that he had stopped trading and would not trade until... Right. And you say that that is a letter that or an e-mail that is admissible not for the truth, but for the very fact that he wrote that letter and put the compliance department on notice of his prior trading. Exactly. Except you had the benefit of that evidence because, effectively, the government was forced to stipulate that he had notified the compliance department of that, of those facts. Right? I don't think there was any stipulation like that. Well, no, no, no, no. Wait. The district court said you were entitled to and you did put into evidence the fact that he had communicated those things to the compliance department. Right? I don't think so, Your Honor. Now, here's what happened. That was not in the record. That was not before the jury that he had. There was no testimony that he had advised the compliance department of the contents of what was in that letter, or at least the fact that he had engaged in the trades and that, well, that he had engaged in those trades. I know the government said that in its brief. That's false. I would never accuse the government of saying something false. I think they are mistaken. His testimony, I think this is pages 721 and 722 of the appendix. I have read it over. Perhaps I've overlooked something. But what he was permitted to say and what he did say is the following. Now, this is talking about an October 19th conversation. I am in possession of material nonpublic information. I am restricting myself from trading. And I will remain under restriction until the information has been disclosed publicly. What he was not permitted to say and what he didn't say, and, again, if I've overlooked it. Oh, right. He did not say that I've only – I only traded when I did not have inside information. Right? What he was not permitted to say and did not say is I traded up to September 23rd, 2021. That was the critical fact. Wait. He was not permitted to say that fact or he was not permitted to say that he had advised the compliance department of that? Oh, of course he was permitted to testify to that fact.  But the government was told that if you challenge the truth of what he says, then the letter can come in, right? Here's the situation, Your Honor. There was no dispute in the case that his last trade was September 23rd, 2021. Right. So the question was, did he have possession of inside information before September 23rd? That's true. And did he believe he had possession of material nonpublic information as of September 23rd, 2021 or before? And his testimony was he did not believe that he did. So what he says in the letter about that is a self-serving, prior consistent statement. Right? Well, that's one of the grounds on which it could have been admitted, but that's not the ground that I'm – Why else would it be permissible to put in the statement that I never traded on inside information because I traded only up to a certain date and I didn't get the information until later? Why is that hearsay statement admissible for the fact that it was made? Here is the critical fact that was admissible for the fact that it was made. Here is a man who sits on the board of DWACC. He is telling the internal compliance officer at his company, the cop, I traded on September 23rd, 2021. He's disclosing the fact that he had traded on September 23rd, 2021. If he thought he was doing something wrong – and let me take a step back here. His defense was good faith. The jury could disagree with him about whether he had material non-public information. His testimony was he didn't think he did until mid-October. The government's counter to that in significant part was, number one, he didn't disclose it on the SEC forms, the Form 4 and the Form 5. Number two, he bought on a series of days in fairly small amounts. And so the government's position was he didn't act in good faith. He was trying to hide this. The fact that he tells the internal cop on September 23rd, 2021, I traded in this stock, it directly contradicts that. And let me give you an example or a slightly different situation that maybe illustrates my point. Suppose that he had filed the Form 4 and the Form 5 and said, I traded DWAC stock. I purchased DWAC stock on September 23rd, 2021. Suppose he had filed those forms. Well, they would be hearsay because they represent certain facts. But, of course, he would be permitted to introduce them, not for their truth, but to show that he had made the disclosure, to show that he had made the disclosure. He was not hiding it. This is the same principle here. He's not filing the forms. He should have. He didn't. He's disclosing it to the internal cop at his company, the compliance officer. He's inviting scrutiny. It directly contradicts the government's input. Well, he's inviting scrutiny or he's setting up a defense for later. I mean, you acknowledge, right, that this really turns on whether or not the disclosure of the statement is made prior to the time that the supposed motive to falsify arises, right? Well, again, that goes to the prior inconsistent statement argument, but I'm making a different point here. I'm arguing this was non-hearsay. It was not offered for its truth because he is disclosing. Forget about whether it's true or not. He is telling the internal cop at his company, I have traded in DWAC stock while sitting on the board of directors. Right, after he's done it. And so he's disclosing but denying the fact that it would be criminal because he had inside information. Well, of course he's denying the fact that it's criminal. That part could have been left out. The key point, the point that should come in as non-hearsay, and, again, it's just like filing the Form 4 or the Form 5. He's disclosing the fact that he purchased the stock. He's disclosing that. He is inviting scrutiny from the internal cop. Now, Your Honor says perhaps he's setting up a defense for later. Well, of course the government would have argued that had that come in. Mr. Gerlich's counsel would have argued it shows his good faith. It shows he's disclosing. It shows he's not hiding what he's doing. The government would argue it shows that he's a crafty fellow who's setting up a defense. The jury would have decided which of those views to believe, but evidence should have come in. Keeping it out and preventing the jury from hearing that he had made this disclosure to the internal cop at his company was error. It was error because it was non-hearsay. Non-hearsay. Let me say, I guess I'm still having trouble to understand. You're offering it to show that he disclosed it and that he claims he disclosed it before he had inside information. Not the second part. Why not? Only the first part. He disclosed. Assume that it's false. What he says about trading on September 23rd, 2021 wasn't true. It doesn't make any difference. What matters is he is telling his internal cop at his company, I traded in DWAC stock. It's just like filing the Form 4 or the Form 5. Of course that would come into evidence, even if it was false, because it's a disclosure. It shows that he is inviting scrutiny, and that's why this should have come in. Not for its truth. There would have been a limiting instruction, of course, but it should have come in to show disclosure. I've used up my time, and I will sit down. Thank you. All right. Thank you. You've got two minutes for rebuttal here from Mr. Shahabian. Am I pronouncing that right? Shahabian, Your Honor. Shahabian, sorry. No problem. Good morning, and may it please the Court. Matt Shahabian representing the United States in this appeal. I also represented the United States in the court below. This court should affirm the judgment below for three reasons. First, the district court correctly found that the defendant was not compelled when he voluntarily provided the passcode to his phone to a CBP officer. Second, the district court's evidentiary rulings were correct, both in excluding the defendant's self-serving email, that's Defense Exhibit 37, which I'll return to in a moment, and in permitting the cross-examination of the defendant's character witness. Third, any error was harmless. The evidence that the defendant engaged in insider trading in DWACC, both by trading himself and by tipping others, was overwhelming. So I'll start with where my friend on the other side started, Defense Exhibit 37. The district court correctly excluded this hearsay document on multiple grounds, and I think Judge Lynch hit on the cumulative M403 issues in acknowledging that the government did not object to the defendant himself testifying to the fact that he had a conversation with his compliance officer and told his compliance officer that he was restricting himself from trading and he was in possession of MMPI. I think a couple of points, fair noting, going to Judge Sullivan's comment about the self-serving nature of this conversation. This wasn't a disclosure to DWACC, that is to the entity that the defendant owed a duty as a director. It wasn't a disclosure to that person, to the company, whose duty he breached in committing insider trading. It was a self-serving justification that the defendant made to the company that he helped commit insider trading, that is Michael Schwarzman's company, that he did the day before the merger announcement became public after almost all of the insider trading had been completed. And so what the district court held is there are some forward-looking components to this e-mail, there are backwards-looking components to this e-mail. Any probative value of the forward-looking components is substantially outweighed by the prejudice of admitting a hearsay document, and it's cumulative given the fact that the defendant would be allowed to testify to his good faith at the time of the conversation, which he did, and that's at transcript 1282 to 83. The district court left open that if the government cross-examined the defendant on that conversation and suggested he had fabricated it or suggested he had lied to his compliance officer, that the document could be potentially admitted as a prior consistent statement. The government did not cross-examine the defendant about that conversation, and the defendant did not seek to introduce the document after the cross-examination as a prior consistent statement. So any argument that this was a prior consistent statement was waived and should be reviewed for plain error only. Given that framework, that the defense was allowed to present the good faith defense, including the fact that he had this conversation with his compliance officer after he had already committed the alleged insider trading, there was no error, and any error was harmless. Was he forbidden to say that he told the compliance officer that he had traded at a prior date? Your Honor, to be frank, I had not considered the argument in that posture until this moment. I don't think it was framed that way to the district court. I don't think it was framed that way in any of the prior briefing on this. And so I don't think he was forbidden from saying that. Okay. Where in the record do we find Judge Lyman's actual ruling on this? Yes, Your Honor. You can look at the special appendix, page 94 to 96 and 98. Okay. That's the transcript pages that have the oral ruling, right? That's correct. That's the colloquy with the district court about that. Good. Thank you. And so I don't think it was framed that way. I think had it been framed that way, I don't think there would have been objection to the defendant testifying to the fact that he told his compliance officer he had traded. I don't think that would have changed the government's objection to the admission of the document, DX-37. I think the same principles that we argued at the district court level, that he can testify to this conversation, but the document is hearsay, would have held true for that fact as well. And so I think the argument, as I understand it now in this court, was way below, but the same principles would apply and there's no plain error. Unless the court has any further questions, I'd ask that the court affirm the judgment below. All right. We'll hear from Mr. Klein for two minutes of rebuttal. And I would simply say this. I think if you read Judge Lyman's oral ruling, the basic principle was you can testify about, first of all, the document's not coming in. You can testify about the conversation or the communication, excuse me, with the compliance officer to the extent it is forward-looking. So in other words, Mr. Gerlich was committed to this. I understand that. It would make a difference, would it not, how the issue was put by the defense in terms of what parts could be put in and what parts could not. If the argument was just this whole document comes in and the judge says, well, the forward-looking parts can come in, but the backward-looking parts are basically just a prior consistent statement and the defense doesn't say what you just said to me when I raised that argument. But wait, no, that's not my theory. My theory is this. And that would at least apply to allow him to testify to fact B as well as fact A. Are you saying that that argument actually was had in the district court? I don't know whether it was or wasn't. I don't think to that degree of granularity. But the defense's whole pitch here was it shows he's in a compliance frame of mind. And the compliance frame of mind is illustrated primarily, in my view at least, by the fact that he's disclosing to the internal cop that he has engaged in trading while sitting on the board of DWACC as late as September 23, 2021. It is inviting scrutiny, and that's what's significant about it. That's what shows his good faith. Again, I hate to keep going back to this analogy, but if he had filed the Form 4 and the Form 5, surely those would come into evidence, not for their truth but to show good faith, to show lack of belief that he was engaging in insider trading. And I think the same principle should apply here. And it wasn't harmless because Mr. Garalick was left with his testimony, which of course the government, as is its right, vigorously attacked, accused him repeatedly of lying, lying on the stand, lying previously. And it was essential that he be able to muster every scrap of evidence he had available to corroborate his claim of good faith. And that was certainly, this exhibit really was the heart of his defense, apart from his testimony. Thank you. All right. Thank you both. We will reserve decision.